## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-23-94-D |
| | ) | |
| DONALD EUGENE COOKS, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

The Court takes this matter up *sua sponte*. This case is currently set on the Court's October 10, 2023 jury trial docket. *See* Minute Entry [Doc. No. 72]. Recent developments, however, have made proceeding to trial on October 10th unrealistic and could result in a miscarriage of justice.

First, Defendant Donald Eugene Cooks was charged in a Second Superseding Indictment on October 3, 2023. *See* Second Superseding Indictment [Doc. No. 74]. In addition to the three counts included in the Superseding Indictment [Doc. No. 66], Mr. Cooks is now charged with one count of witness tampering in violation of 18 U.S.C. § 1512(b)(1). Mr. Cooks has yet to be arraigned on the new witness tampering charge, and it is presently unclear whether he will be arraigned by October 10th.

Second, Mr. Cooks has again filed a motion seeking to remove his appointed counsel. *See* Def.'s Mot. to Remove Counsel [Doc. No 73]. It is presently unclear what defense counsel's position on the Motion is, and what the Government's position on the Motion will be. The logistics of getting Mr. Cooks to the courthouse to conduct a hearing

on his Motion make it unrealistic, if not impossible, for that hearing to occur by October 10th (October 9th is a federal holiday). On the other hand, if the Court were to grant Mr. Cooks' Motion and appoint new counsel, that attorney would have only a few days to review the entire case file and provide Mr. Cooks with a constitutionally effective defense. Such an expectation is at the very least unrealistic.[1]

For these reasons, the Court finds that the need for a continuance outweighs the best interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). The Court further finds that failing to continue this case would unreasonably deny defense counsel, whether that be the current appointed defense counsel or substitute counsel, the reasonable time necessary for effective preparation, despite due diligence, and would likely result in a miscarriage of justice.

In making these findings, the Court has fully considered the statutory factors set forth in § 3161(h)(7)(B) and (C), and has concluded that a continuance is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. The Court has also considered the length of delay, the reason for delay, any prejudice to Defendant, and other relevant circumstances. *Toombs*, 574 F.3d at 1273. Further, no circumstance is present that would prohibit a

---

[1] The period of time from which Mr. Cooks filed his motion to relieve counsel on September 25, 2023 until the motion is disposed of is excludable for purposes of the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D).

continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the entering of this order is excludable for purposes of the Speedy Trial Act.

      **IT IS THEREFORE ORDERED** that this case is **STRICKEN** from the Court's October 10, 2023 jury trial docket. The case is continued and will be reset on the Court's trial docket via further order.

      **IT IS SO ORDERED** this 5th day of October, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge