IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-94-D |
| ) | |
| DONALD EUGENE COOKS, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is the parties' Joint Motion to Exclude Time [Doc. No. 106], which requests that the Court exclude all time from January 24, 2024 until the currently scheduled trial on March 26, 2024 for purposes of the Speedy Trial Act. Upon consideration, the motion is **GRANTED**.

### BACKGROUND

On March 9, 2023, Defendants Irvin Herbert Sawyer and Donald Eugene Cooks were indicted and charged with one count of conspiracy to commit mail theft in violation of 18 U.S.C. § 371. Mr. Cooks was also charged with two counts of possession of stolen mail in violation of 18 U.S.C. § 1708. *See* [Doc. No. 1]. Mr. Cooks was arraigned on May 2, 2023 and released on conditions. *See* [Doc. Nos. 21, 23].

Mr. Cooks' case was initially set on the Court's June 2023 trial docket. *See* [Doc. No. 21]. On May 22, 2023, counsel for Mr. Cooks filed the first motion to continue the case—with no opposition from the government—to the August 2023 trial docket. *See* [Doc. No. 29]. The same day, Mr. Cooks' counsel, Troy Cowin, an Assistant Federal Public

Defender, filed an unopposed motion to withdraw as attorney of record citing an "immediate conflict of interest" between himself and Mr. Cooks. *See* [Doc. No. 30]. The Court granted the motion to withdraw, citing the aforementioned conflict of interest. *See* [Doc. No. 31].

On May 26, 2023, Robert Don Gifford, a private attorney, was appointed to represent Mr. Cooks. *See* [Doc. No. 32]. On June 2, 2023, Mr. Cooks filed a waiver of speedy trial requesting June 13, 2023 to August 15, 2023 be excluded from computation under the Speedy Trial Act. *See* [Doc. No. 34]. On June 6, 2023, the Court granted Mr. Cooks' unopposed motion to continue jury trial, making specific findings that the ends of justice served by its granting outweighed the best interests of the public and the defendant in a speedy trial. *See* [Doc. No. 35]. The Court expressly noted that denying the motion would unreasonably deny Defendant the reasonable time necessary for effective preparation, even accounting for due diligence by counsel. *Id.* The Court further found the period of delay caused by granting the motion was excludable for the purpose of the Speedy Trial Act. *Id.*

On July 7, 2023, an amended petition for action on violations of pretrial release was filed, alleging several violations by Mr. Cooks. *See* [Doc. No. 41]. On July 12, 2023, after a hearing on the amended petition, the magistrate judge entered an order of revocation and detention, and Mr. Cooks was detained pending further proceedings. *See* [Doc. No. 47].

On July 13, 2023, Mr. Cooks' counsel filed a second motion to continue the case—with no opposition from the government—to the September 2023 trial docket. *See* [Doc. No. 48]. On July 14, 2023, Mr. Cooks filed a waiver of speedy trial requesting July 12,

2

2023 to September 18, 2023 be excluded from computation under the Speedy Trial Act. *See* [Doc. No. 49].[1] The Court granted Mr. Cooks' unopposed motion to continue jury trial, making specific findings that the ends of justice served by its granting outweighed the best interests of the public and Mr. Cooks in a speedy trial. *See* [Doc. No. 56]. The Court expressly noted that denying the motion would unreasonably deny Mr. Cooks the reasonable time necessary for effective preparation, even accounting for due diligence by counsel. *Id.*

On July 27, 2023, Mr. Cooks filed a *pro se* motion requesting new counsel and alleging improper actions by his then-counsel, Mr. Gifford, and the government. *See* [Doc. No. 57]. On July 31, 2023, Mr. Cooks' counsel filed a motion for leave to withdraw as counsel, in which he denied any improper actions. *See* [Doc. No. 58]. The government opposed both motions. *See* [Doc. No. 59]. On August 29, 2023, after a hearing, the Court denied the motions. *See* [Doc. No. 64]. The case was set on the Court's September 2023 trial docket.

On September 5, 2023, a grand jury returned a three-count superseding indictment charging Mr. Cooks with one count of conspiracy to commit mail theft in violation of 18 U.S.C. § 371 and two counts of possession of stolen mail in violation of 18 U.S.C. § 1708. *See* [Doc. No. 66]. There were minor changes made between the original indictment and the superseding indictment.

---

[1] On July 18, 2023, Mr. Sawyer pleaded guilty to Count 1 of the indictment. *See* [Doc. No. 51]. Mr. Sawyer has yet to be sentenced.

3

On September 6, 2023, the government filed a motion to continue the jury trial by one month. *See* [Doc. No. 68]. The next day, the Court granted the motion and continued the trial to the October 2023 trial docket. *See* [Doc. No. 69]. The Court excluded the period of delay caused by the granting of the motion for purposes of the Speedy Trial Act. *Id.*

On October 3, 2023, a grand jury returned a four-count second superseding indictment charging Mr. Cooks with one count of conspiracy to commit mail theft in violation of 18 U.S.C. § 371, two counts of possession of stolen mail in violation of 18 U.S.C. § 1708, and one count of witness tampering in violation of 18 U.S.C. § 1512(b)(1). *See* [Doc. No. 74]. Mr. Cooks is scheduled to be arraigned on the second superseding indictment on January 31, 2024. *See* [Doc. No. 105].

On October 5, 2023, the Court, *sua sponte*, and for reasons stated in the order, continued the trial date to a date that would be set by a later order. *See* [Doc. No. 75]. The Court excluded the period of delay caused by the granting of the motion for purposes of the Speedy Trial Act. *Id.* On October 7, 2023, counsel for Mr. Cooks filed an unopposed motion for order of competency. *See* [Doc. No. 78]. The Court granted the motion on October 11, 2023. *See* [Doc. No. 82].

On October 10, 2023, counsel for Mr. Cooks filed a third motion to withdraw. *See* [Doc. No. 80]. The Court granted the motion on October 16, 2023. *See* [Doc. No. 85].

On November 3, 2023, David Autry, a private attorney, was appointed to represent Mr. Cooks. *See* [Doc. No. 89]. On January 16, 2024, Mr. Cooks filed a *pro se* "Motion to represent myself pro se." *See* [Doc. No. 102]. A competency hearing was set for January

4

24, 2024, during which the Court also addressed Mr. Cooks' motion seeking to represent himself. *See* [Doc. No. 103].

On January 24, 2024, Mr. Cooks stated to the Court during the hearing that he does not want to represent himself and, instead, wants to proceed to trial represented by Mr. Autry. Additionally, based on Mr. Cooks having been evaluated, the Court found Mr. Cooks competent to stand trial. After the hearing, the Court heard from both parties regarding when to set the case for trial. The parties expressed a preference for the March 2024 trial docket due to the quick turnaround between the hearing and the February trial docket, the need for Mr. Cooks to be arraigned on the second superseding indictment, and the need for Mr. Autry to properly prepare for trial. Based on the requests of both parties, the Court set this case for trial on March 26, 2024, with the jury to be selected March 12, 2024. *See* [Doc. No. 107].

## DISCUSSION

Considering the representations of the parties in their joint motion, the Court finds that the ends of justice are served by excluding the time between January 24, 2024 and March 26, 2024 for purposes of the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009).

The Court finds that a refusal to grant the relief sought would unreasonably deny the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence by counsel. Specifically, the Court notes that Mr. Cooks' appointed counsel, Mr. Autry, was only recently appointed and will likely need adequate time to review discovery and other case materials in order to provide Mr. Cooks with a

5

constitutionally adequate defense. The Court further notes that, as of this order, Mr. Cooks has not been arraigned on the second superseding indictment. These factors make a February 13, 2024 trial setting impractical, considering the need for both parties to potentially file pretrial motions, notices, voir dire, and jury instructions. Accordingly, proceeding to trial before March 26, 2024 would deprive counsel of adequate time for effective preparation and representation.

In making these findings, the Court has fully considered the statutory factors set forth in §§ 3161(h)(7)(B) and (C), and has concluded that the requested relief is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit the requested relief pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act. *See* 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

## CONCLUSION

For these reasons, the Court finds that all time from January 24, 2024 until March 26, 2024 is excludable for purposes of the Speedy Trial Act.

**IT IS SO ORDERED** this 26th day of January, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge