# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-23-94-D |
| DONALD EUGENE COOKS, | ) ) ) |
| Defendant. | ) ) |

## ORDER

The Court has received two *pro se* filings by Defendant Donald Eugene Cooks: (1) "Motion to Ineffective Assistant of Counsel" [Doc. No. 129]; and (2) "Motion for Acquittal" [Doc. No. 133].

As an initial matter, the Court finds no need for Defendant personally to make written submissions to the Court. There is no constitutional or statutory right to hybrid representation in which a defendant both represents himself and is represented by counsel. *See United States v. Hill*, 526 F.2d 1019, 1025 (10th Cir. 1975); *see also United States v. Chavis*, 461 F.3d 1201, 1205-06 (10th Cir. 2006); *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995). Instead, a trial court has discretion to permit hybrid representation in a particular case. *See United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976). Under the circumstances presented here, the Court declines to exercise this discretion. In this specific instance, instead of striking Defendant's filings, the Court will consider each in turn. However, Defendant is cautioned that, absent extraordinary circumstances, future *pro se* filings will be stricken.

I.      **"Motion to Ineffective Assistant of Counsel" [Doc. No. 129]**

Defendant claims that his appointed counsel "fail[ed] to investigate the evidence in the record [and] if the evidence needed to be suppress[ed] to protect the defendant from constitutional violations" and "fail[ed] to go over the discovery with the defendant before trial." [Doc. No. 129] at 1. Defendant further states that he doesn't "feel comfortable with [his appointed counsel's] performance and poor decisions at trial to continue representation at sentenc[ing] or appeal level." *Id.* at 2.

Although somewhat unclear, it appears from the title of his motion and the allegations contained therein that Defendant seeks to assert an ineffective assistance of trial counsel claim. However, "given the lack of development of the record" and because a ruling on the merits "could adversely impact [Defendant's] ability to assert this claim in a 28 U.S.C. § 2255 petition," the Court declines to consider the merits of his claim. *See United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011); *see also United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.").

Therefore, because Defendant appears to improperly and prematurely assert an ineffective assistance of trial counsel claim, his motion is denied. The Court's ruling does not reach the merits of Defendant's claim, nor does it impact his ability to assert his claim in a 28 U.S.C. § 2255 petition.[1]

---

[1] As noted, at the end of his filing, Defendant states that he does not "feel comfortable" with his appointed trial counsel continuing to represent him at sentencing and on appeal. Defendant's statement is based on perceived shortcomings of his counsel's representation during trial. However, to the extent Defendant seeks newly appointed counsel, he provides the Court with no

II.    **"Motion for Acquittal" [Doc. No. 133]**

Defendant moves for an acquittal under Federal Rule of Criminal Procedure 29 or, alternatively, for a new trial under Federal Rule of Criminal Procedure 33. *See* [Doc. No. 133] at 1. He again asserts what appears to be an ineffective assistance of trial counsel claim, along with a claim that the government introduced illegally obtained evidence during trial. *See id.* at 1-2.

Both the motion for acquittal and motion for new trial are untimely. Rule 29 provides that, after a jury verdict, a "defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c)(1). Likewise, Rule 33 provides that any "motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(2).

On March 28, 2024, the jury returned a verdict finding Defendant guilty on all four counts charged in the Second Superseding Indictment, and the jury was discharged. *See* [Doc. No. 125]. Under either Rule 29 or Rule 33, Defendant had until April 11, 2024 to file his motions. But he did not mail his motions until April 15, 2024, thus making both motions untimely.

---

reasons supporting such a request. *See United States v. Narvaiz*, No. CR 05–2765 JB, 2006 WL 1308261, at *2 (D.N.M. Apr. 14, 2006) ("Substitution of counsel is warranted when the defendant shows good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict.") (quoting *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir.)) (internal quotations marks omitted). The Court notes that "good cause" does not include "a strategic disagreement between an attorney and client, an attorney refusing to structure a defense as defendant wants, or a mere preference for new counsel." *Id.* (citing cases).

3

## CONCLUSION

For these reasons, Defendant's "Motion to Ineffective Assistant of Counsel" [Doc. No. 129] and "Motion for Acquittal" [Doc. No. 133] are **DENIED**.

**IT IS SO ORDERED** this 30th day of April, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge