# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-23-94-D |
| | ) | |
| DONALD EUGENE COOKS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court are numerous *pro se* filings by Defendant Donald Eugene Cooks [Doc. Nos. 150-155, 157, 162-163, 165]. The Court addresses each filing in turn.

## BACKGROUND

On March 28, 2024, the jury returned a verdict finding Defendant Donald Eugene Cooks guilty on all four counts charged in the Second Superseding Indictment. Defendant now awaits sentencing. The Court previously allowed Defendant's trial counsel, David Autry, to withdraw from the case based on an apparent breakdown in communication with Defendant. The Court appointed Lance Phillips to represent Defendant.

Since Mr. Phillips's appointment, the Court has received the following *pro se* filings by Defendant:

- "Motion Pursuant to Rule 32 Federal Rules of Criminal Procedure" [Doc. No. 150];

- "Motion for a New Trial Pursuant to Federal Rule 33(b)(1)" [Doc. No. 151];

- "Emergency Motion to Release Jencks Materials 18 U.S.C. § 3500. Demand for Production" [Doc. No. 152];

- "Request for Copy of Docket Sheet" [Doc. No. 153];

- "Emergency Motion to Release Jencks Act Material 18 U.S.C. § 3500. Demand for Production" [Doc. No. 154];

- "Motion to Release Trial Transcript's" [Doc. No. 155];

- "Motion for New Trial, Based on Newly Discovered Evidence Pursuant to Federal Rules of Criminal Procedure Rule 33(b)(1)" [Doc. No. 157];

- "Motion to Produce Discovery" [Doc. No. 162];

- "Motion to Provide Directive and Order" [Doc. No. 163]; and

- "Motion to Reurge" [Doc. No. 165].

In each filing except for his most recent (which was filed after the *Faretta* hearing), Defendant expresses an intent to discharge counsel. Therefore, on November 13, 2024, the Court held a hearing and conducted an inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975) to ensure that Defendant's waiver of his right to counsel was made knowingly and intelligently. Based on its colloquy with Defendant during the hearing, the Court allowed Mr. Phillips to withdraw as counsel for Defendant. Defendant now proceeds *pro se*, with Mr. Phillips acting as standby counsel.

Although Defendant filed the aforementioned documents "*pro se*" while he was still represented by counsel, the Court will consider them. As the Court informed Defendant at the *Faretta* hearing, however, the findings phase of this case is over—all that remains is sentencing. With that in mind, it is worth noting that most of the issues raised in Defendant's filings have no bearing on the potential sentence to be imposed. Instead, Defendant attempts to undermine the jury's verdict or otherwise raise issues that were, or could have been, raised during his trial.

The Court has limited time and resources.[1] Although Defendant has exercised his right to proceed *pro se*, he is not entitled to burden the Court with frivolous filings. *See United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019) (noting that a *pro se* criminal defendant must "follow the same rules of procedure that govern other litigants" (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005))); *see also United States v. White*, 68 F. App'x 870, 875 (10th Cir. 2003) ("[A] pro se criminal defendant is entitled to no greater rights than a defendant represented by counsel[.]").

The Court, therefore, informs Defendant that further filings similar in nature to the ten he has already filed—*i.e.*, filings that have little, or nothing, to do with sentencing or are otherwise frivolous—will be viewed critically and disposed of accordingly. And if Defendant continues to abuse the litigation process, the Court will consider imposing filing restrictions. *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances.").

## DISCUSSION

### I.    Doc. No. 150

Defendant asserts a due-process violation because, in effect, he was not given the chance to review the presentence investigation report ("PSR") and lodge objections before

---

[1] Indeed, despite the rather straightforward nature of this case, the Court has already expended considerable time and resources ensuring that Defendant is afforded a constitutionally adequate defense and trial. As one example, the Court has appointed—and Defendant has now rejected—four different attorneys.

sentencing.[2] As discussed during the *Faretta* hearing, the Court will allow Defendant to submit objections to the PSR, withdraw or supplement previous counsel's objections (should Defendant so choose), and file a sentencing memorandum. Standby counsel, Mr. Phillips, has been directed to assist in providing Defendant with copies of necessary documents, while also abiding by any restrictions prohibiting Defendant from keeping certain documents in his possession. The issues raised in Doc. No. 150 are, therefore, moot.

## II.    Doc. Nos. 151 and 157[3]

In each filing, Defendant moves for a new trial based on what he claims to be newly discovered evidence. In Doc. No. 151, it appears Defendant takes issue with the government declining to call what he deems a "star witness," which he claims led to a trial by ambush. *See* [Doc. No. 151] at 1-2. Defendant further takes issue with the government allegedly offering this "star witness" immunity from prosecution, as well as the way the government presented certain evidence at trial. *Id.* at 3. All of this, Defendant argues, prohibited him from cross-examining this "star witness" or introducing impeachment evidence or argument. *See id.* at 6-9. Defendant essentially reasserts these arguments in Doc. No. 157, but, as best the Court can tell, seeks to apply them specifically to his witness tampering conviction. *See generally* [Doc. No. 157].

---

[2] By way of background, on July 24, 2024, Defendant filed a *pro se* motion [Doc. No. 143] claiming that his then-appointed counsel, Mr. Autry, had not spoken with him before asserting objections to the PSR. So that it could fully consider Defendant's allegations, the Court directed Mr. Autry to file a response. *See* 8/1/2024 Order [Doc. No. 144]. In Mr. Autry's response [Doc. No. 145], he confirmed that he asserted objections to the PSR before speaking with Defendant. Thereafter, the Court allowed Mr. Autry to withdraw and appointed Mr. Phillips as counsel.

[3] To the extent possible, the Court has combined its analysis regarding filings that generally raise the same issues.

Federal Rule of Criminal Procedure 33(b)(1) provides that a motion for new trial based on newly discovered evidence must be filed within three years after the verdict or finding of guilty. "A motion for a new trial based on newly discovered evidence is not favorably regarded and should be granted only with great caution." *United States v. McCullough*, 457 F.3d 1150, 1167 (10th Cir. 2006). To prevail, Defendant must prove:

> (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by [his] own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*Id.* (quotations omitted).

The Court first notes that, despite his conclusory assertion, Defendant does not set forth any newly discovered evidence. Instead, it appears Defendant primarily takes issue with how the government investigated and, ultimately, tried this case. Subject to exceptions not implicated here, the government is free to employ investigative techniques, structure plea agreements and conditions, and present its case to the jury in the manner it sees fit. Similarly, charging decisions in any given case rest exclusively with the government.

The Court further notes that, to the extent Defendant takes issue with the alleged star witness's non-availability at trial, he was free to take steps to secure the witness's availability. Apparently, he and his trial counsel chose not to do so. "[E]vidence known but unavailable at trial does not constitute 'newly discovered evidence' within the meaning of the rule governing new trial motions." *United States v. Vigil*, 506 F. Supp. 2d 571, 579 (D.N.M. 2007). Moreover, evidence presented at trial showed that Defendant actively participated in preventing the "star witness" from testifying at trial. This evidence led to

5

the witness tampering charge and, ultimately, the jury's guilty verdict on that charge. Defendant cannot now seek to benefit from his unlawful actions.

Even assuming the material referenced in Defendant's Motion can be classified as newly discovered evidence, the Court finds that all five elements set forth in *McCullough* weigh against granting a new trial. For all of these reasons, the relief requested in Doc. Nos. 151 and 157 is denied.[4]

## III.    Doc. Nos. 152 and 154

In Doc. No. 152, Defendant seeks production of witness statements, reports, and other documents related to his conviction for witness tampering. *See* [Doc. No. 152] at 1-2. He also seeks information presented to the grand jury. *See id.* at 2-3. In Doc. No. 154, Defendant seeks production of witness statements, recorded phone calls, and interviews "of [the] government witness whom is only known in the record, of all proceedings as K.P." *See* [Doc. No. 154] at 2.

For several reasons, Defendant's requests are denied. First, none of the documents requested appear to have any bearing on the determination of Defendant's sentence.

---

[4] Defendant makes passing references to alleged *Brady* and *Giglio* violations. *See* [Doc. No. 151] at 3, 7, 9; [Doc. No. 157] at 2, 4, 5. To establish a *Brady* or *Giglio* violation, Defendant "bears the burden of establishing (1) that the prosecution suppressed the evidence, (2) that the evidence was favorable to the accused, and (3) that the evidence was material." *United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998) (quoting *Smith v. Sec'y of N.M. Dep't of Corrections,* 50 F.3d 801, 824 (10th Cir. 1995)). As noted above, Defendant appears to take issue with the evidence the government presented at trial, as opposed to arguing that the government suppressed certain evidence. Absent certain exceptions not applicable here, the government is well within its rights to choose what evidence it presents to the jury. Therefore, *Brady* and *Giglio* have no bearing on the instant filings. Even assuming the cases were applicable, however, Defendant fails to carry his burden as to any—let alone all three—of the elements necessary to establish a *Brady* or *Giglio* violation.

Instead, it appears that Defendant seeks the documents because, in his view, they undermine certain trial evidence. *See, e.g.*, [Doc. No. 154] at 2. As the Court informed Defendant at the *Faretta* hearing, the sentencing process is not an opportunity for Defendant to re-litigate his case, and it is not within the Court's power to reconsider the jury's verdict during the sentencing hearing. Defendant is free to attack his guilty verdicts on appeal or, if necessary, through a post-conviction motion pursuant to 28 U.S.C. § 2255.

Second, the Court's Local Rules prohibit Defendant from retaining the information he seeks: "An incarcerated defendant may not retain a paper copy of any discovery unless, upon motion and a showing of good cause, the court orders the defendant be allowed to retain specifically enumerated discovery materials." LCrR16.3. Even if Defendant's filings were construed as motions seeking to retain certain discovery materials, the Court finds that there is no showing of good cause. Defendant may, however, review discovery that was produced by the government, so long as he does so in the presence of standby counsel. Defendant and standby counsel are instructed to abide by all rules and orders regarding Defendant's retention of said material, as well as any rules or orders governing the confidentiality of certain materials.

Although Defendant makes a general request for witness statements, he does not specify which statements he seeks. To the extent Defendant seeks a witness statement from the individual referenced in the witness tampering charge ("K.P."), that individual did not testify on direct examination at trial. The Jencks Act and Federal Rule of Criminal Procedure 26.2, therefore, do not require disclosure. *See United States v. Lujan*, 530 F. Supp. 2d 1224, 1232 (D.N.M. 2008) ("The Jencks Act requires the government to disclose

to criminal defendants any statement made by a government witness that is 'in the possession of the United States' once that witness has testified."); Fed. R. Crim. P. 26.2 (requiring the Court to order the production of a witness statement but only "[a]fter a witness other than the defendant has testified on direct examination"). To the extent Defendant seeks the witness statement of another witness, he does not specifically state which witness that is, and the Court will not venture to guess.[5]

## IV.    Doc. No. 153

Defendant requests a copy of the docket sheet, as well as for the Clerk to "reveal and or show" redacted and sealed docket entries. *See* [Doc. No. 153] at 1. At the October 21, 2024 status conference in this case, standby counsel, Mr. Phillips, stated that he had provided Defendant with a copy of the docket sheet. Therefore, that request is moot.

As for the request to "reveal and or show" redacted and sealed docket entries, Defendant does not specify which documents he contends should be unsealed, but, even if he did specify certain documents, Defendant provides no reason supporting his request to unseal. Additionally, upon the Court's review, it does not appear that any of the sealed documents in this case would have any relevance for sentencing purposes. Defendant's request is denied.

---

[5] Although Federal Rule of Criminal Procedure 6(E) provides limited exceptions to the secrecy of grand jury proceedings, Defendant's blanket request is well short of falling into one of those narrow exceptions. *See United States v. Haas*, No. 21-CR-160-CVE, 2021 WL 5277130, at *2 (N.D. Okla. Nov. 12, 2021) ("The defendant's motion does not identify any irregularity in grand jury proceedings or any particularized showing or need as required by the foregoing, long-settled principles governing grand jury proceedings.").

V.    **Doc. No. 155**

Defendant requests a free copy of the trial transcript, along with transcripts from any other pre-trial proceeding. *See* [Doc. No. 155] at 1-2. "To be sure, an indigent defendant is entitled to a free transcript of his trial when directly appealing the judgment from that trial." *Kilgore v. Weatherly*, 500 F. App'x 799, 800 (10th Cir. 2012). Indigent defendants also have a "'constitutional right to a free transcript of prior proceedings if it is reasonably necessary to present an effective defense at a subsequent proceeding.'" *United States v. Bagby*, No. 10–CR–0134–CVE, 2011 WL 810709, at *1 (N.D. Okla. Mar. 1, 2011) (quoting *Matthews v. Price,* 83 F.3d 328, 334 (10th Cir. 1996)).

Defendant is not directly appealing the judgment in this case, as he has yet to be sentenced. Under these circumstances, Defendant does not have an absolute right to a transcript, and he has made no showing that a copy of the requested transcripts is "reasonably necessary"—or even relevant—for sentencing purposes. Should Defendant later file a direct appeal or other motion for relief, he may renew his request for transcripts. *See Bagby*, 2011 WL 810709, at *2.

VI.    **Doc. No. 162**

Defendant seeks numerous categories of discovery or other investigatory materials, such as: arrest warrants, the complaint, affidavits, GPS tracking devices, body camera videos, statements made before the grand jury, DNA evidence, victim statements, crime stopper tips, every motion filed by the government in this case, all motions filed by Defendant's prior counsel in this case, information regarding past misconduct by law

enforcement officers involved in this case, and documents related to forfeiture proceedings. *See generally* [Doc. No. 162] at 1-3.

The Court refers Defendant to its discussion above regarding Doc. Nos. 152 and 154. Most, if not all, of the requested information has no bearing on sentencing, and the Court will not entertain Defendant's scattershot attempt to obtain irrelevant information (or information that may not even exist). However, Defendant may review the discovery produced in this case, subject to the general guidance set forth above in the Court's analysis of Doc. Nos. 152 and 154.

## VII.    Doc. No. 163

Defendant asks the Court to direct the Grady County Jail to provide him access to a DVD player or laptop computer. *See* [Doc. No. 163] at 2. Defendant further asks the Court to issue an order allowing him to "have at least (1) large envelope holding legal documents to be transported with Defendant to any function of the federal government, providing he is in need to have his [legal records] with him to defend his interests." *Id.*

At the *Faretta* hearing, the Court informed Defendant that it could not guarantee him access to a law library or any other legal materials. The Court further informed Defendant that these materials could prove useful at the sentencing hearing and that a lawyer has access to such materials. Despite the Court's warnings, Defendant affirmed his desire to proceed *pro se* at sentencing. The accommodations requested in Doc. No. 163 fall squarely within the categories of documents and access that a lawyer has, but that Defendant might not. Of course, to the extent the Grady County Jail elects to provide Defendant with a DVD player, laptop computer, or large envelope, he is free to use them

in preparation for his sentencing hearing. However, Defendant's requests should be directed to the appropriate individual(s) at the Grady County Jail, as the Court will not order that such accommodations be made.

## VIII.  Doc. No. 165

Defendant moves to "reurge" Doc. Nos. 150, 151, 152, 153, 155, and 157. *See* [Doc. No. 165]. It is unclear whether Defendant's intent is that only those filings be considered, or that those filings receive renewed attention from the Court. Either way, the Court has considered, and ruled on, all of Defendant's filings to date. This request is, therefore, moot.

CONCLUSION

The relief requested in Defendant's *pro se* filings [Doc. Nos. 150-155, 157, 162-163, 165] is addressed in the corresponding section above. The Court anticipates establishing deadlines regarding Defendant's PSR objections and the filing of sentencing memoranda via separate order.

**IT IS SO ORDERED** this 17th  day of December, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge